PEARSON, J.
## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| DAVID C. LETTIERI, ) | |
| ) | CASE NO. 4:23 CV 01872 |
| Plaintiff, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | |
| FEDERAL MARSHALS, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Defendant. ) | |

*Pro se* plaintiff David C. Lettieri filed this *Bivens*[1] action against "Federal Marshals (ECF No. 1). Accompanying the Complaint is Plaintiff's application to proceed *in forma pauperis* (ECF No. 2), which the Court grants by separate Order.

Plaintiff's complaint is very brief. Plaintiff states only that he was not permitted to "complete a program to best oneself" and that he was transferred when he had only one more class remaining to complete the program. (ECF No. 1, PageID#: 4, 5). Plaintiff alleges that this action violated his due process rights. (ECF No. 1, PageID#: 4). He seeks $2,000,000 in damages and "time off any sentence imposed."

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma*

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971).

(4:23CV01872)

*pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In any civil action, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

(4:23CV01872)

Plaintiff's purported due process claim arises, if at all, under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971). *See Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) (district court properly construed action as a *Bivens* action where plaintiff alleged that he was deprived of a right secured by the United States Constitution by persons acting under color of federal law) (citing *Bivens*).

*Bivens* provides a cause of action against federal officials for certain limited constitutional violations: (1) Fourth Amendment search and seizure; (2) Fifth Amendment gender-discrimination; and (3) Eighth Amendment cruel and unusual punishment. *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1854-55, 198 L. Ed. 2d 290 (2017). Expanding *Bivens* remedies to other causes of action is "'disfavored.'" *Id.* at 1857 (quoting *Iqbal*, 556 U.S. at 675). *See, e.g., Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 66-69, 122 S. Ct. 515, 151 L. Ed. 2d 456 (2001) (rejecting an Eighth Amendment suit against a private prison operator); *FDIC v. Meyer*, 510 U.S. 471, 473-74, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994) (rejecting a procedural due process suit against a federal agency for wrongful termination); *Schweiker v. Chilicky*, 487 U.S. 412, 414, 108 S. Ct. 2460, 101 L. Ed. 2d 370 (1988) (rejecting a procedural due process suit against Social Security officials); *United States v. Stanley*, 483 U.S. 669, 671-72, 683-684, 107 S. Ct. 3054, 97 L. Ed. 2d 550 (1987) (rejecting a substantive due process suit against military officers); *Chappell v. Wallace*, 462 U.S. 296, 297, 304-05, 103 S. Ct. 2362, 76 L. Ed. 2d 586 (1983) (rejecting a race-discrimination suit against military officers).

(4:23CV01872)

Plaintiff's purported due process claim is therefore not recognized under *Bivens*. *See Ziglar*, 137 S. Ct. at 1860. Nor are there any reasons to infer a new *Bivens* cause of action for this claim. *Id.* at 1858; *see Robinson v. United States*, No. 4:18-cv-1817, 2019 U.S. Dist. LEXIS 44897, 2019 WL 1255208, at *3 (N.D. Ohio Mar. 19, 2019) ("[I]f there is an alternative remedial structure in place to address a given situation, the Court should not infer a new *Bivens* cause of action."). Accordingly, Plaintiff fails to state a plausible *Bivens* claim upon which relief may be granted.

Moreover, *Bivens*' purpose is to deter individual federal officers, not the agency, from committing constitutional violations. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70 (2001); *see FDIC v. Meyer*, 510 U.S. 471, 485-86, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994) ("[T]he purpose of *Bivens* is to deter the officer . . . . An extension of *Bivens* to agencies of the Federal Government is not supported by the logic of *Bivens* itself."). A *Bivens* action therefore cannot be brought against a federal government agency such as the United States Marshal Service. *Lenhart v. Savetski*, No. 1:21CV611, 2021 U.S. Dist. LEXIS 109462, *8 (N.D. Ohio June 11, 2021). Plaintiff's claim therefore fails on this additional basis.

Accordingly, the Court hereby dismisses this action. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

 November 30, 2023                               */s/    Benita Y. Pearson*
Date                                                Benita Y. Pearson
                                                         United States District Judge